IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICKY COUCH                                                                                            PLAINTIFF

v.                                    Civil No.: 6:08-cv-06117

DREAM YOUNG *et al.*                                                                         DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff instituted this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case was referred to the undersigned by the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Complaint, ECF No. 2, be **DISMISSED with prejudice** for failure to prosecute this action and for failure to obey an Order of the Court.

**I.      BACKGROUND**

Defendants filed a Motion for Summary Judgment on September 20, 2010. ECF No. 19. On September 21, 2010, this Court issued an Order directing Plaintiff to complete and return a Notice to the Court regarding whether the Plaintiff would require assistance from the Court in responding to the Motions for Summary Judgment. ECF No. 22. Plaintiff returned the Notice on March 8, 2011, requesting the assistance of the Court. ECF No. 26.

It should be noted Plaintiff's return of his Notice was belated and the undersigned issued a Report and Recommendation, ECF No. 25, recommending dismissal of this matter for Plaintiff's failure to prosecute. *Id.* However, the district court judge did not adopt that recommendation as Plaintiff did file his Notice requesting the Court's assistance. ECF No. 28. However, the district court did specifically advise Plaintiff he must timely comply with the questionnaire propounded to him

by the Court. *Id.*

Pursuant to Plaintiff's request, on July 12, 2011, Plaintiff was sent a questionnaire to serve as his response to the Motions for Summary Judgment and was ordered to complete, sign, and return the response on or before August 9, 2011. ECF No. 29. Plaintiff was advised in that Order that any failure to return the Response by August 9, 2011, "may subject this matter to dismissal for failure to comply with a Court Order." *Id.*

## II. APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure. FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (*quoting Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

## III. DISCUSSION

Plaintiff was given until August 9, 2011, to return his Response to the Court. ECF No. 29. Plaintiff did not seek additional time beyond the August 9, 2011, deadline. Moreover, the Court has received no returned mail or other indication Plaintiff did not receive a copy of the Response and Order. *Id.*

Plaintiff was specifically cautioned in the Order directing him to complete the Response that failure to return a completed Response within the required time-frame could result in a summary dismissal of his case for failure to obey an Order of the Court. *Id.* Plaintiff was further cautioned regarding the need for a timely response by the district court judge when Judge Dawson declined to dismiss this case for Plaintiff's previous failure to provide a timely return documents to the Court. ECF No. 29. Accordingly, this case should be dismissed for failure to follow a Court Order and failure to prosecute.

IV.   **CONCLUSION**

For the forgoing reasons I recommend the above-styled case be **DISMISSED for failure to prosecute and failure to follow a Court Order and that all pending motions be likewise terminated.**

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 22nd day of August 2011.**

                                                    /s/ Barry A. Bryant
                                                  BARRY A. BRYANT
                                                  U.S. MAGISTRATE JUDGE